## Yount v. Turnpaugh and Wife.

PARTIES.—*Insane Person—Motion in Arrest.*—An insane person can properly appear as a defendant, only by guardian or committee; but where in a suit against a husband and wife to foreclose a mortgage executed by the defendants, the husband at the time of the suit being insane, the wife appeared

and answered in her own right and on behalf of her husband, and the plaintiff, without objecting to the right of the wife to appear and defend for the husband, took issue on such answer and voluntarily went to trial thereon; *Held,* that the plaintiff could not raise such objection by motion in arrest of judgment.

JUDGMENT.— *Clerical Error.—Supreme Court.*—The judgment in such case directed the recovery of a certain sum by the *defendants,* when it should, in that respect, have been rendered for the husband alone; but no objection was made to the judgment in the lower court.

*Held,* that the objection could not be raised in the Supreme Court.

APPEAL from the Wells Common Pleas.

The facts necessary to the determination of this case are as follows:

The appellant brought his suit upon two notes, and for a foreclosure of a mortgage given to secure the same. The notes were given for purchase-money of the mortgaged premises. The defendant paid five hundred dollars on the lands, and made some small improvements thereon. At the time of the trial, the defendant was in the Insane Asylum, and his wife appeared to the case, and put in an answer of two paragraphs. She admitted the execution of the notes and mortgage, and answered that she appeared in her own right, and for and in behalf of her insane husband.

In the first paragraph of her answer, she alleges, that at the time the notes and mortgage were executed, her husband was insane, and demands that the notes and mortgage be canceled. In the second paragraph of her answer, she alleges insanity, as in the first paragraph; that her husband paid five hundred dollars at the time of the trade, and that they took possession and made lasting and valuable improvements to the amount of two hundred dollars. That the contract was unconscionable, the land being worth only fifteen hundred dollars, but that her husband agreed to pay twenty-five hundred dollars; that she brings the deed into court and asks that the contract be rescinded, and the notes, mortgage, and deed canceled, and that her husband have a judgment for one thousand dollars, for the money paid on the contract and for the improvements made by

the defendant and his family; that the defendant is confined in the Insane Asylum; and that plaintiff well knew her husband was insane at the time the trade, notes, deed, and mortgage were made and executed.

A demurrer was filed to the second paragraph, and overruled, but no exception was taken to the ruling.

The appellant then replied by a denial of the allegations of the answer.

The cause was tried by a jury, who returned the following verdict:

"We, the jury, find for the defendants, and assess their damages at $545.50."

The plaintiff moved for a new trial for two reasons: 1st. Because the verdict is not sustained by sufficient evidence; 2d. Because the verdict is contrary to law; which motion was overruled. A motion was then made in arrest of judgment, and also overruled. Upon the verdict the court rendered the following judgment:

"It is therefore considered by the court that the said contract heretofore existing between said plaintiff, Abraham Yount, and defendant, John Turnpaugh, be in all things rescinded, and the said deed, mortgage, and notes, declared canceled, and the title in the land described in said mortgage and deed, to wit," &c., "be, and the same is hereby declared to be in the said Abraham Yount; and it is further declared by the court that the defendants do have and recover of and from said plaintiff the sum of $545.50, as found by the jury, and that they recover of the plaintiff their costs in this behalf expended."

ELLIOTT, J.—The only error assigned in the case, upon which the appellant relies for a reversal of the judgment, is, that the court erred in overruling the appellant's motion in arrest of judgment. It is argued in support of the motion, that if Turnpaugh, the husband, was insane and confined in the lunatic asylum at the time of the trial, as alleged in the answer, he could legally appear and plead to

the action only by a committee or guardian properly appointed; that his wife, though herself a party to the suit, could not legally appear and answer for her insane husband; and that the answer filed by her in his behalf and prayer for a rescission of the contract, and also the finding of the jury, and decree of the court thereon, are not binding on him, and therefore erroneous.

The statute confers on the courts having probate jurisdiction, power to appoint guardians for persons of unsound mind, to whom is committed the control and management of the estates of their wards until their restoration to reason. And the same duties are required of, and the same powers granted to, such guardians, so far as the same are applicable, as are required of and granted to guardians of minors. 2 G. & H. 573-4-5.

An insane person can only properly appear as defendant in a suit by guardian or committee. And it was an evident error in the court, in the case under consideration, to permit the wife to appear and defend for her husband. But the question arises, does the appellant, upon the facts in the record, occupy such a position as enables him to avail himself of the error?

It is admitted that, at the time of the trial, Turnpaugh was insane and confined in the lunatic asylum, and yet the appellant made no effort to have a committee or guardian appointed to appear for him; and when his wife appeared and filed an answer in his behalf, her right to do so was not controverted. True, the appellant demurred to the second paragraph of the answer, but as both paragraphs were filed in behalf of the husband, and no objection was urged to the first, it is but reasonable to presume that the objection made to the second related to the sufficiency of the facts alleged to constitute a defense, and not to the right of the wife to answer for her husband. When the demurrer was overruled, no exception was taken to the ruling, but

issue was taken on the answer, and the appellant voluntarily went to trial upon the truth of the matters alleged.

The facts alleged in the answer were sufficient to bar the action, and justify the judgment of the court. The only objection to the answer is that it should have been filed by a committee or guardian of the insane defendant, which, under the facts just stated, we think comes too late.

The court, in the exercise of its chancery powers, might have appointed a guardian *ad litem* to appear for the insane defendant. It however permitted his wife to appear and answer for him, without objection by the appellant, and he cannot be permitted to raise the objection after he is beaten in a trial on the merits.

The judgment, in terms, is for both defendants, and is objected to on the ground that as to the sum recovered, except costs, it should have been for the husband alone. This was doubtless an oversight, or a mere clerical error, but no objection was made to it in the court below, and it cannot avail the appellant to raise it, for the first time, in this court.

The judgment is affirmed, with costs, and ten per cent. damages.

*G. H. Voss* and *E. A. Davis*, for appellant.

